

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-11-2002

# USA v. Peoples

Precedential or Non-Precedential:

Docket No. 98-1377

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Peoples" (2002). *2002 Decisions.* Paper 263.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/263

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 98-1377
_____

UNITED STATES OF AMERICA

v.

ARTIE PEOPLES,
a/k/a "Artie"

Artie Peoples,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

District Court Judge:  The Honorable Harvey Bartle, III
(D.C. Crim. No. 92-cr-00119-12)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 2, 2002

Before:  SLOVITER, FUENTES, MICHEL[*], Circuit Judges.

(Opinion Filed: April 11, 2002)

_____

---

[*]Hon. Paul R. Michel, Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

1

FUENTES, Circuit Judge:

Defendant Artie Peoples pled guilty to conspiring to distribute cocaine. Claiming that the government reneged on its promise to seek a reduction of his sentence in exchange for substantial assistance in investigating two other individuals, defendant filed a motion to compel the government to file a motion to reduce his sentence. The District Court denied defendant's motion, finding that he failed to establish that he substantially assisted the government or that the government acted in bad faith in refusing to file a motion for the reduction of his sentence. Because we agree with the findings of the District Court, we will affirm.

I.

This case presents an extensive procedural history, which we discuss here only in summary. In June of 1992, Artie Peoples entered a guilty plea to an indictment charging him with participation in a conspiracy to distribute cocaine. As a result, he was sentenced to 151 months of imprisonment.

In December of 1997, Peoples filed the motion at issue in the present appeal, seeking to compel the government to file a motion on his behalf under Rule 35(b) of the Federal Rules of Criminal Procedure. The motion was premised on Rule 35(b) itself and as a request for a writ of error coram nobis. An evidentiary hearing was held on April 16,

1998, at which Peoples testified that, at the time of his plea, he believed that if he cooperated and provided information to the government, his sentence would be reduced. He claimed to have provided information that led to the arrests of two individuals. However, according to Peoples, the government declined a downward departure because the information provided by him was previously possessed by law enforcement authorities, even though that was not conveyed to Peoples at the time of his cooperation. Assistant United States Attorney Seth Weber testified for the government and said that he never promised a Rule 35(b) motion to Peoples, and that, in his opinion, Peoples failed to provide any information amounting to substantial assistance.

In an order entered on April 20, 1998, the District Court denied Peoples' motion, finding that Peoples failed to establish that he provided substantial assistance to the government or that the government acted in bad faith in refusing to file a motion for reduction of sentence. The District Court further found to be credible Weber's testimony denying that a promise was made to Peoples to file a Rule 35(b) motion.

Peoples subsequently filed a motion for reconsideration with regard to the Rule 35(b) motion, which the District Court denied. He then filed a motion for reconsideration of the denial of the writ of error coram nobis, which was also denied. On May 8, 1998, Peoples filed a notice of appeal from the two orders denying reconsideration. Peoples subsequently filed a motion to consolidate this appeal with a pending appeal of a co-defendant, Jude Patrick Thomas. This Court stayed Peoples' appeal pending the

disposition of the Thomas appeal.  On June 22, 1999, we decided United States v.

Thomas, 185 F.3d 864 (3d Cir. 1999), in which we affirmed the District Court.

On February 15, 2001, we issued an order granting a request from Peoples for the

appointment of counsel.


## II.

We have appellate jurisdiction over this case pursuant to 28 U.S.C. § 1291.  At

issue is whether the District Court erred in denying appellant's motion to compel the

government to act, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

We review a district court's findings of fact for clear error but exercise plenary review as

to conclusions of law.  See United States v. Acosta, 965 F.2d 1248, 1250 (3d Cir. 1992);

United States v. Inigo, 925 F.2d 641, 656 (3d Cir. 1991).


## III.

Federal Rule of Criminal Procedure 35 provides for the correction or reduction of

a criminal sentence.  A defendant's substantial assistance in investigating or prosecuting

another person can result in the reduction of that defendant's sentence under Rule 35(b),

which states:

> If the Government so moves within one year after the
> sentence is imposed, the court may reduce a sentence to
> reflect a defendant's subsequent substantial assistance in
> investigating or prosecuting another person, in accordance

4

> with the guidelines and policy statements issued by the
> Sentencing Commission under 28 U.S.C. § 994. The court
> may consider a government motion to reduce a sentence made
> one year or more after the sentence is imposed if the
> defendant's substantial assistance involves information or
> evidence not known by the defendant until one year or more
> after sentence is imposed. In evaluating whether substantial
> assistance has been rendered, the court may consider the
> defendant's pre-sentence assistance. In applying this
> subdivision, the court may reduce the sentence to a level
> below that established by statute as a minimum sentence.

Fed.R.Crim.P. 35(b). A district court cannot reduce a defendant's sentence under Rule 35(b) absent a motion by the government. See United States v. Friedland, 83 F.3d 1531, 1536 (3d Cir. 1996). In Wade v. United States, 504 U.S. 181 (1992), however, the Supreme Court held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." 504 U.S. at 185-86. The Court further stated that a defendant "would be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate Government end." Id. at 186.

Peoples maintains that he is entitled to relief under Wade. He claims that the government's refusal to file a Rule 35(b) motion is not rationally related to a legitimate government end and that "this refusal could be based on an unconstitutional motive," since, according to Peoples, "there is no legitimate reason for not filing the motion." We disagree.

In elaborating upon its holding in Wade, the Supreme Court explained that a

5

prosecutor's refusal to file a substantial-assistance motion would be unconstitutional if, for example, the refusal was based upon the defendant's race or religion.  Id.  The Court further added that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or to an evidentiary hearing.  Nor would additional but generalized allegations of improper motive."  Id.

Because we conclude that Peoples offers no more than generalized allegations of improper motive, we find that he has failed to demonstrate the existence of an unconstitutional motive under Wade.  We further find that the government's decision not to file a Rule 35(b) motion was based on its assessment of the assistance provided, and not on any arbitrary distinctions.

We have also carefully considered Peoples' remaining arguments in this appeal and conclude that they lack merit.


IV.

For the reasons stated above and in the District Court's order entered on April 20, 1998, we will affirm the District Court's denial of the defendant's motion to compel the government to act pursuant to Rule 35(b).



_____
TO THE CLERK OF THE COURT:

6

Kindly file the foregoing Opinion.


                                                     __/s/ Julio M. Fuentes__
                                                     Circuit Judge